O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTA JACOBSON, <br><br> Plaintiff, <br><br> vs. <br><br> CAROLYN W. COLVIN, Acting Commissioner of Social Security, <br><br> Defendant. | Case No. SACV 13-0806 RNB <br><br> ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS |

The sole disputed issue listed in the Joint Stipulation is whether the Administrative Law Judge ("ALJ") properly considered the opinion of plaintiff's treating physician, Dr. McIntyre, before concluding that plaintiff's migraine headaches constituted a "non-severe" impairment at step two of the Commissioner's sequential evaluation process. (See Jt Stip at 4.) The Court now rules as follows with respect to that issue.[1]

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance

1

Step two of the Commissioner's sequential evaluation process requires the ALJ to determine whether an impairment is severe or not severe. See 20 C.F.R. § 404.1520(a). The Social Security Regulations and Rulings, as well as case law applying them, discuss the step two severity determination in terms of what is "not severe." According to the Commissioner's regulations, an impairment is not severe if it does not significantly limit the claimant's physical or mental ability to do basic work activities." See 20 C.F.R. §§ 404.1520(c), 404.1521(a). Basic work activities are "abilities and aptitudes necessary to do most jobs," including "[p]hysical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling." Basic work activities also include mental activities such as understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting. See 20 C.F.R. § 404.1521(b); Social Security Ruling 85-28. The Ninth Circuit has described step two as "a de minimis screening device to dispose of groundless claims." See Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996); see also Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005).

Plaintiff's position with respect to the sole disputed issue is premised on the ALJ's evaluation of the opinion of plaintiff's treating physician, Dr. McIntyre. Dr. McIntyre has treated plaintiff since she was 41 or 42 years old (which was approximately in the late 1990s). (See AR 60-61.) On May 6, 2011, Dr. McIntyre completed a "Headaches Residual Functional Capacity Questionnaire," which asked

---

with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

him to respond to questions about plaintiff's "headache condition in the year 2007."[2] (See AR 176.) Dr. McIntyre's responses reflected that plaintiff's migraine headaches were associated with nausea/vomiting, photosensitivity, visual disturbances, and an inability to concentrate. Dr. McIntyre also stated that plaintiff had headaches two to four times per month, lasting two to seven days; that if plaintiff took her medication early on, her symptoms usually resolved successfully; that plaintiff did not experience any adverse side effects; and that plaintiff would likely be absent from work more than four times per month because of her headaches. (See AR 176-80.) The ALJ accorded "limited weight" to Dr. McIntyre's opinion and articulated his rationale for doing so. (See AR 42-43.)

Preliminarily, the Court notes that, although plaintiff contends that the ALJ "rejects the treating opinion of Dr. McIntyre without articulating any legally sufficient rationale" (see Jt Stip at 8), plaintiff addressed only one of several reasons that the ALJ actually proffered in his evaluation of Dr. McIntyre's opinion. (Compare Jt Stip at 8-10; with AR 42-43.) The Commissioner has cited three reasons in addition to the one addressed by plaintiff (see Jt Stip at 10-13), each of which the Court also will address below.

First, the Commissioner points to the ALJ's statement that, although Dr. McIntyre completed the questionnaire on May 6, 2011, with instructions to answer questions about plaintiff's condition in 2007, plaintiff was alleging disability back to March 1, 2003. (See AR 42.) According to the Commissioner, the ALJ thus properly found that Dr. McIntyre completed the questionnaire "well after the date plaintiff was alleging disability" on March 1, 2003. (See Jt Stip at 11.) But if this was actually a reason relied upon by the ALJ to accord limited weight to Dr. McIntyre's opinion,

---

[2] Plaintiff's date last insured is December 31, 2007. Thus, plaintiff had to establish her disability on or before that date in order to be entitled to a period of disability and disability insurance benefits. (See AR 38.)

3

then the Court disagrees that it was a legally sufficient reason. As an initial matter, there is nothing to indicate that Dr. McIntyre did not complete and return the questionnaire promptly after it was submitted to him. Moreover, the questionnaire specifically asked Dr. McIntyre to answer questions about plaintiff's headache condition "in the year 2007." (See AR 176.) It did not specifically ask Dr. McIntyre to frame his answers back to March 1, 2003 (even though his answers appeared consistent with the existing treatment notes of record, which go back to 2004). (See AR 181-85.) To the extent that the ALJ thought that Dr. McIntyre's opinion about plaintiff's condition going back to March 1, 2003 was necessary to make a disability decision, it was incumbent upon the ALJ to properly develop the record by recontacting Dr. McIntyre with additional questions, before rejecting plaintiff's claim at step two. See 20 C.F.R. § 404.1512(e); Webb, 433 F.3d at 687 ("[T]he ALJ had an affirmative duty to supplement Webb's medical record, to the extent it was incomplete, before rejecting Webb's petition at [step two]."); Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) ("Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to conduct an appropriate inquiry.") (citations and internal quotation marks omitted); Smolen, 80 F.3d at 1288 ("If the ALJ thought he needed to know the basis of Dr. Hoeflich's opinions in order to evaluate them, he had a duty to conduct an appropriate inquiry, for example, by subpoenaing the physicians or submitting further questions to them.").

Second, the Commissioner contends that the ALJ properly found that plaintiff was "doing okay on medication management of her migraine condition." (See Jt Stip at 11; see also AR 43.) Although there is authority for the proposition that impairments that can be controlled effectively with medication are not disabling for purposes of eligibility for disability benefits, see Warre v. Commissioner of Social Sec. Admin., 439 F.3d 1001, 1006 (9th Cir. 2006), that authority is inapplicable here. The record does include a treatment note from August 2004 stating that plaintiff was

"doing okay" (see AR 206), but neither this note nor the treatment record on the whole reflects that plaintiff's condition was controlled effectively with medication. Rather, Dr. McIntyre clearly opined that plaintiff's migraine headaches were a lifetime condition, that each episode could last two to seven days if not caught early with medication, and that the condition would cause more than four absences from work per month. (See AR 177, 178, 179.) Dr. McIntyre's treatments notes are not inconsistent with this opinion.

Third, the Commissioner contends that the ALJ accorded "great weight" to the opinion of an examining physician, Dr. Enriquez, who opined that plaintiff's headaches "are consistent with migraine-type of headaches, which are mild in severity." (See Jt Stip at 11-12; see also AR 43, 171.) As a preliminary matter, the Court notes that, to reject the uncontradicted opinion of a treating physician, an ALJ must provide "clear and convincing" reasons. Even if contradicted by another doctor, the opinion of a treating doctor can only be rejected for "specific and legitimate" reasons that are supported by substantial evidence in the record. See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995). Thus, the fact that Dr. McIntyre's opinion may have been contradicted by the opinion of Dr. Enriquez was not in itself a legally sufficient reason for rejecting Dr. McIntyre's opinion, but rather merely was determinative of the governing standard for doing so. Here, the ALJ failed to provide specific and legitimate reasons that were supported by substantial evidence in the record for according "limited weight" to Dr. McIntyre's opinion.

Moreover, to the extent that the Commissioner contends that Dr. Enriquez's opinion by itself constituted substantial evidence because it was based on independent clinical findings (see Jt Stip at 11-12), the Court disagrees. "Independent clinical findings can be either (1) diagnoses that differ from those offered by another physician that are supported by substantial evidence, or (2) findings based on objective medical tests that the treating physician has not herself considered." See Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007) (citations

omitted). Here, Dr. Enriquez did not make a diagnosis that differed from Dr. McIntyre's diagnosis. Nor did Dr. Enriquez make findings based on objective medical tests that Dr. McIntyre had not himself either performed or based his opinion upon; rather, Dr. Enriquez performed a neurological examination that had also been performed by Dr. McIntyre (see AR 182, 185), but merely reached a different conclusion from that examination. Accordingly, Dr. Enriquez's opinion alone did not constitute substantial evidence to support the ALJ's decision to accord limited weight to Dr. McIntyre's opinion. See Orn, 495 F.3d at 632 (examining physician's opinion did not constitute "per se substantial evidence" where it did not rest on results from objective clinical tests that treating physicians had not considered, but it had merely reached a different conclusion).

Finally, the Commissioner contends that the ALJ properly rejected plaintiff's subjective symptom testimony. (See Jt Stip at 12-13; see also AR 41-42.) However, plaintiff is not challenging the ALJ's adverse credibility determination; nor did the ALJ cite his adverse credibility determination as a basis for according "little weight" to Dr. McIntyre's opinion. Accordingly, the Court cannot consider this reason to uphold the ALJ's evaluation of Dr. McIntyre's opinion. See Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003); Ceguerra v. Sec'y of Health and Human Svcs., 933 F.2d 735, 738 (9th Cir. 1991).

The Court therefore finds and concludes that reversal is warranted based on the ALJ's failure to properly consider Dr. McIntyre's opinion before concluding that plaintiff's migraine headaches constituted a non-severe impairment at step two of the Commissioner's sequential evaluation process.

## CONCLUSION AND ORDER

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister v. Sullivan,

888 F.2d 599, 603 (9th Cir. 1989); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

Weighing in favor of a remand for further administrative proceedings here is the fact that this is not an instance where no useful purpose would be served by further administrative proceedings. Rather, additional administrative proceedings conceivably could remedy the defects in the ALJ's decision.

The Court is mindful of Ninth Circuit case authority holding that "the district court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." See Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004); see also, e.g., Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.), cert. denied, 531 U.S. 1038 (2000)[3]; Smolen, 80 F.3d at 1292; Varney v. Secretary of Health & Human Servs., 859 F.2d 1396, 1399-1401 (9th Cir. 1988). Under the foregoing case authority, when this test is met, the Court will take the improperly discredited

---

[3] In Harman, the Ninth Circuit noted that this three-part test "really constitutes a two part inquiry, wherein the third prong is a subcategory of the second." Harman, 211 F.3d at 1178 n.7.

testimony as true and not remand solely to allow the ALJ another opportunity to make specific findings regarding that testimony. This rule applies to improperly discredited medical opinions. However, in Connett, 340 F.3d at 876, the panel held that the "crediting as true" doctrine was not mandatory in the Ninth Circuit. There, the Ninth Circuit remanded for reconsideration of the claimant's credibility where the record contained insufficient findings as to whether the claimant's testimony should be credited as true. See id.

Based on its review and consideration of the entire record, the Court has concluded on balance that a remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) is warranted here. Accordingly, IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.[4]

DATED: March 13, 2014

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

---

[4] It is not the Court's intent to limit the scope of the remand.